# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONOFRE JAMES O CHARGUALAF,<br><br>Petitioner,<br><br>v.<br><br>RAFAEL ZUNIGA,<br><br>Respondent. | Case No. 1:15-cv-00462-LJO-SAB (HC)<br><br>ORDER DENYING PETITIONER'S MOTIONS TO SUPPLEMENT (ECF NO. 6 & 7)<br><br>ORDER TO SHOW CAUSE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is presently incarcerated at the Federal Correctional Institution in Mendota, California. In the instant petition filed on March 25, 2015, Petitioner challenges his May 10, 1996, conviction and sentence in United States District Court for the District of Guam for forty-four years. (Pet., ECF No. 1). On May 6, 1997, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction. See United States v. Chargualaf, 114 F.3d 1196 (1997). On June 15, 1998, the United States Supreme Court denied Petitioner's petition for writ of certiorari. See Chargualaf v. United States, 118 S.Ct. 2323 (1998).

1

1  On April 9, 2015, Petitioner filed a motion to file a supplemental pleading to his habeas
2  petition pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, and the supplemental
3  pleading. (ECF No. 6). On May 22, 2015, Petitioner filed a second motion to supplement

## II.

## DISCUSSION

### A. Motions to File Supplemental Pleadings

On April 9, 2015, Petitioner filed a motion to supplement his pleading pursuant to Federal Rule of Civil Procedure 15(d). (ECF No. 6). Petitioner submits that because Respondent and the Court have not yet responded to his petition, he should be permitted to supplement his petition. On May 22, 2015, Petitioner filed a second motion to supplement his pleading pursuant to Federal Rule of Civil Procedure 15(d). (ECF No. 7). Rule 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

However, Petitioner does not set out any transaction, occurrence, or event in the supplemental pleadings that occurred after the date of the petition. Petitioner filed his habeas petition in this Court on March 25, 2015. Petitioner filed his motions to supplement the Section 2241 petition on April 9, 2015, and May 22, 2015. Petitioner's supplemental pleadings discuss the same information set forth in the petition in this action, and do not set out any new transaction, occurrence, or event that happened after the date of the petition. Therefore, Petitioner's motions to supplement must be denied.

However, it appears that Petitioner may have intended to file a motion to amend the petition. A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Fed. R. Civ. P. 15. A party may amend the pleading once

as a matter of right within 21 days after service of the pleading. Fed. R. Civ. P. 15(a)(1)(A). In all other cases, written consent by the opposing party or leave of court is required. Fed. R. Civ. P. 15(a)(2). However, an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended petition must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Therefore, it is unclear if Petitioner wants the supplemental petitions to be treated as amended pleadings. At this time, his motions to supplement are insufficient to be motions to amend, because they are not complete petitions without reference to the original petition. To the extent that Petitioner intended his motions to supplement the petition to be motions to amend the petition, he must file an amended petition that is complete in itself in accordance with Federal Rule of Civil Procedure 15(a)(2) and Local Rule 220.

### B. Jurisdiction Pursuant to 28 U.S.C. § 2241

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616

F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir.2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted). Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).

The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241

pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)); see also Stephens, 464 F.3d at 898. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Ivy, 328 F.3d at 1060.

Petitioner argues that he was charged with two separate firearm offenses in a single count because the indictment did not charge him with separate offenses for the silencer and the firearm. Petitioner asserts that the Double Jeopardy Clause was violated because he was charged for allegedly using two separate weapons under Section 924(c), Title 18 of the United States Code in a single count in count 5 of the Indictment. Petitioner further asserts that the trial court lacked subject matter jurisdiction over Count 5 of the Indictment. Petitioner cites to the United States Supreme Court cases United States v. O'Brien, 560 U.S. 218, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010), and Castillo v. United States, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), to support his claims that he should have been charged with a separate offense for the silencer. Liberally construing Petitioner's petition, it appears that he argues that the jury did not find him guilty of possessing a silencer.

It is unclear to the Court at this time whether the Court has jurisdiction over the instant petition pursuant to the "savings clause" in § 2255(e). Pursuant to the Court's authority under Rule 4 of the Rules Governing Section 2254 Cases, the Court orders the Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction. The parties shall submit briefing addressing whether the Court has jurisdiction to entertain the instant petition pursuant to the "savings clause" of 28 U.S.C. § 2255(e).

/ / /

/ / /

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's motions to supplement the petition (ECF Nos. 6 & 7) are DENIED;

2. Petitioner is ordered to show cause why the petition should not be dismissed for lack of jurisdiction under 28 U.S.C. § 2241 within **THIRTY (30)** days of the date of service of this order; and

3. Respondent SHALL FILE a Reply to Petitioner's Response to the Order to Show Cause within **THIRTY (30) days** of the date Petitioner's brief is filed with the Court.

All briefs shall be filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated: __**June 8, 2015**__

_____
UNITED STATES MAGISTRATE JUDGE