# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONOFRE JAMES O CHARGUALAF,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RAFAEL ZUNIGA,<br><br>　　　　Respondent. | Case No. 1:15-cv-00462-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) AND RESPONDENT'S MOTION TO DISMISS (ECF No. 16)<br><br>ORDER DISCHARGING AUGUST 6, 2015 ORDER TO SHOW CAUSE (ECF No. 15) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is presently incarcerated at the Federal Correctional Institution in Mendota, California. In the instant petition filed on March 25, 2015, Petitioner challenges his May 10, 1996, conviction and sentence in United States District Court for the District of Guam. (ECF No. 1). On May 6, 1997, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction. See United States v. Chargualaf, 114 F.3d 1196, WL 272225 (1997). On June 15, 1998, the United States Supreme Court denied Petitioner's petition for writ of certiorari. See Chargualaf v. United States, 118 S.Ct. 2323 (1998).

On April 9, 2015, Petitioner filed a motion to file a supplemental pleading to his habeas petition pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, and the supplemental pleading. (ECF No. 6). On June 9, 2015, the Court issued an order denying Petitioner's motion to supplement. (ECF No. 8). The Court also ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction. (ECF No. 8). On July 1, 2015, Petitioner submitted his brief to show cause why his petition has jurisdiction under the savings clause pursuant to 28 U.S.C. § 2255(e). (ECF No. 14). On August 6, 2015, the Court issued an order for Respondent to show cause why sanctions should not be imposed for failing to obey a court order because he did not file his reply to Petitioner's response to the order to show cause. (ECF No. 15). Later that day, Respondent filed his reply to Petitioner's brief, a motion to dismiss, and a response to the Court's order to show cause. (ECF No. 16).

## II.

## DISCUSSION

### A.  Jurisdiction Pursuant to 28 U.S.C. § 2241

A federal court may not entertain an action over which it has no jurisdiction. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the sentencing court. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162. In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. See Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 864-65; Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner asserts that the Double Jeopardy Clause was violated because he was charged for allegedly using two separate weapons, a firearm and a silencer, under Section 924(c), Title 18

of the United States Code in a single count in count 5 of the Indictment. Petitioner further asserts that the trial court lacked subject matter jurisdiction over Count 5 of the Indictment. Petitioner cites to the United States Supreme Court cases <u>United States v. O'Brien</u>, 560 U.S. 218, 130 S.Ct. 2169, 176 L.Ed.2d 979 (2010), and <u>Castillo v. United States</u>, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000).[1]

In <u>Castillo</u>, the United States Supreme Court addressed the machine gun provision in the version of Section 924, Title 18 of the United States Code prior to the 1998 congressional amendments. The United States Supreme Court unanimously held that the machinegun provision was an element of the offense. <u>Castillo</u>, 530 U.S. at 124-131. In <u>O'Brien</u>, the Supreme Court determined "whether the fact that the firearm was a machinegun is an element to be proved to the jury beyond a reasonable doubt or a sentencing factor to be proved to the judge at sentencing" for the machinegun provision of Section 924, Title 18 of the United States Code in light of the 1998 congressional amendments and the United States Supreme Court decision in <u>Harris v. United States</u>, 536 U.S. 545 (2002). <u>O'Brien</u>, 560 U.S. at 221. The pre-1998 version of Section 924(c)(1), which was applicable in <u>Castillo</u>, read:

> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle [or a] short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years.

18 U.S.C. § 924(c)(1) (effective Dec. 11, 1988 and repealed Nov. 13, 1998).

The criminal conduct underlying Petitioner's conviction occurred in 1994 and 1995, and

---

[1] Petitioner asserts that in <u>O'Brien</u> and <u>Castillo</u>, the United States Supreme Court found that firearm silencers are elements of a separate substantive offense rather than sentence enhancements. (ECF No. 7 at 3). However, the United States Supreme Court determined that the provisions under 18 U.S.C. § 924(c), including firearm silencers, must be found by a jury as an element of the offense. The United States Supreme Court did not find that a silencer must be a separate offense.

he was convicted in 1996. The analysis in O'Brien related to the post-1998 version of the subsection of the statute that was enacted after Petitioner's trial. Moreover, in O'Brien, the United States Supreme Court determined that the "analysis and holding of Castillo controls this case." O'Brien, 130 S.Ct. at 2180. Therefore, any material change in federal law relevant to Petitioner's conviction occurred years before the 2010 O'Brien decision. Thus, this Court must determine whether Castillo supports jurisdiction pursuant to the "savings clause" for Petitioner's claims.

Petitioner's argument pursuant to Castillo is clearly a direct challenge to his conviction, not to the execution of his sentence. Indeed, Petitioner concedes as much in his petition. Therefore, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by the United States District Court for the District of Guam, rather than an error in the administration and execution of his sentence, and a Section 2255 motion is appropriate.

The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241 pursuant to the "savings clause," when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." See Ivy v. Pontesso, 328 F.3d 1057, 1059-1060 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003) (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)). In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Ivy, 328 F.3d at 1060. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

1       Here, Petitioner argues that § 2255 is inadequate and ineffective for gaining relief,
2 because he did not have an opportunity to raise his claim based on Castillo in his Section 2255
3 motion. The Court notes that Castillo was decided on June 5, 2000, and O'Brien was decided on
4 May 24, 2010, but Petitioner did not file the instant petition until 2015. Petitioner's first Section
5 2255 motion was denied by the District Court of Guam on August 9, 2001. Petitioner claims that
6 he was unaware of Castillo until the O'Brien decision, but that does not amount to Petitioner
7 never having an unobstructed procedural shot at presenting his claim. Therefore, Petitioner had
8 the opportunity to raise any claims pursuant to Castillo in his first Section 2255 motion in the
9 District Court of Guam. Thus, he does not satisfy that prong of the savings clause.

10       Furthermore, Petitioner has failed to demonstrate that his claims qualify under the
11 "savings clause" of Section 2255 because Petitioner's claims are not proper claims of "actual
12 innocence." The standards announced by the various circuit courts for an "actual innocence"
13 claim contain two basic features: actual innocence and retroactivity. E.g., Reyes–Requena v.
14 United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re
15 Davenport, 147 F.3d 605 (7th Cir. 1998); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re
16 Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

17       In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255
18 "savings clause" is tested by the standard articulated by the United States Supreme Court in
19 Bousley v. United States, 523 U.S. 614 (1998). In Bousley, the Supreme Court explained that,
20 "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is
21 more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at
22 623 (internal quotation marks omitted). Furthermore, "actual innocence means factual
23 innocence, not mere legal insufficiency." Id.

24       Here, Petitioner's claim of innocence focuses only on his conviction for count five,
25 unlawful carrying of a firearm equipped with a firearm silencer during a drug trafficking crime.
26 Petitioner argues that he should have been charged with two counts under § 924(c), one for the
27 Beretta pistol and a second one for the silencer. Petitioner asserts that it is unclear whether the
28 jury convicted him in count 5 for the Beretta pistol or the silencer. These arguments are not

proper claims of factual innocence. Count five of the Superseding Indictment did specifically refer to the silencer, the jury was instructed on the applicable law, and the jury found the allegation that the Beretta was equipped with a firearm silencer to be true. (ECF No. 16-1 at 3, 8, 12-13). Petitioner's claims are purely claims of legal innocence, not factual innocence. Furthermore, Petitioner admitted carrying a "pistol and silencer in order to protect himself while attempting to resell the methamphetamine." United States v. Chargualaf, 114 F.3d 1196, 1997 WL 272225 (9th Cir. 1997). Therefore, Petitioner has not shown that he is factually innocent as required by the savings clause. Bousley, 523 U.S. at 623. Thus, Petitioner does not satisfy the savings clause.

Motions pursuant to § 2255 must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65. Because this Court is only the custodial court and construes the petition as a §2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-65. Therefore, the petition should be dismissed. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.

### B. Order For Respondent to Show Cause

On August 6, 2015, the Court issued an order for Respondent to show cause why sanctions should not be imposed for Respondent's failure to obey a court order because he had not submitted his reply to Petitioner's response to the order to show cause. (ECF No. 15). Later that day, Respondent submitted a response to the Court's order to show cause. (ECF No. 16). Respondent's counsel indicated that she had mistakenly overlooked the fact that Respondent was ordered to file a reply to Petitioner's response. Respondent's response to the order to show cause also included a motion to dismiss as a reply to Petitioner's briefing. Respondent's counsel has indicated that she will be more careful in the future. Good cause having been shown, the Court will discharge the pending order to show cause issued on August 6, 2015.

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that the order to show cause issued on

August 6, 2015, is DISCHARGED.

## IV.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 16) be GRANTED;

2. The Petition be DISMISSED for lack of jurisdiction; and

3. The Clerk of Court be DIRECTED to close the case.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 19, 2015**

UNITED STATES MAGISTRATE JUDGE